IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-402-D

DENISE GIBBON, )
 )
 Plaintiff, )
 )
 v. ) **ORDER**
 )
NANCY A. BERRYHILL, )
Acting Commissioner of Social Security, )
 )
 Defendant. )

On February 22, 2019, Magistrate Judge Jones issued a Memorandum and Recommendation ("M&R") and recommended that the court deny plaintiff's motion for judgment on the pleadings [D.E. 27], grant defendant's motion to affirm the Commissioner's final decision [D.E. 29], and grant defendant's motion to dismiss [D.E. 30]. See [D.E. 41]. On March 8, 2019, plaintiff objected to the M&R [D.E. 42]. On March 20, 2019, defendant responded [D.E. 43].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and plaintiff's objections. As for those portions of the M&R to which plaintiff made no objection, the court is satisfied that there is no clear

error on the face of the record.

The court has reviewed de novo the portions of the M&R to which plaintiff objected. The scope of judicial review of a final decision concerning benefits under the Social Security Act is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See 42 U.S.C. §§ 405(g), 1383(c)(3); Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is evidence that "a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). This court may not reweigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Hays, 907 F.2d at 1456. Rather, in determining whether substantial evidence supports the Commissioner's decision, the court examines whether the Commissioner analyzed the relevant evidence and sufficiently explained her findings and rationale concerning the evidence. See, e.g., Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

Plaintiff's objections restate the arguments made to Judge Jones. Compare [D.E. 28], with [D.E. 42]. Both Judge Jones and the ALJ, however, applied the proper legal standards. See M&R [D.E. 41]. Moreover, substantial evidence supports the ALJ's analysis. See id.

In sum, the court OVERRULES plaintiff's objections to the M&R [D.E. 42] and DENIES plaintiff's motion for judgment on the pleadings [D.E. 27]. The court GRANTS defendant's motion to affirm [D.E. 29] and defendant's motion to dismiss [D.E. 30]. Defendant's final decision is AFFIRMED, and this action is DISMISSED. The clerk shall close the case.

SO ORDERED. This 15 day of April 2019.

JAMES C. DEVER III
United States District Judge